GAINES BROS. CO. et al. v. GAINES.
GAINES et al. v. SAME (two cases).

No. 28509.   Oct. 22, 1940.

Rehearing Denied Dec. 24, 1940.

*108 P. 2d 177.*

Vern E. Thompson and Loyd E. Roberts, both of Joplin, Mo., for plaintiffs in error.

J. G. Austin, of Miami, for defendant in error.

NEFF, J. This appeal presents solely a question of accounting. Three cases wherein the parties are concerned were consolidated and tried together in the trial court; that is, case No. 13442, referred to as the "Rent Case"; case No. 12775, referred to as the "Forfeiture of Charter Case", and case No. 12500, referred to as the "Accounting Case." By agreement the cases are also consolidated on appeal.

Explanatory of the substance of the three cases involved, the court found:

"In case No. 13442 Frank Gaines sues Josie Gaines and the members of her family, individually, and as partners to recover rent on certain land owned by him and used by defendants for the years 1932, 1933, 1934 and 1935, in separate causes of action, seeking to recover judgment for the use of the land.

"In case No. 12775 Frank Gaines sues the individual defendants, Josie Gaines, Walter Gaines, W. H. Gaines, in which he states three causes of action; the first cause of action praying the court to adjudge the Gaines Brothers Company, as a corporation, ceased to exist and became dissolved on the 16th day of November, 1927, by reason of the expiration of the period of its existence, and seeking to restrain any further activities of the officers of said corporation. In his second cause of action he alleges that both defendants and plaintiff are joint owners of certain real estate described in the petition and prays for partition thereof; and in the third cause of action he seeks to have the court declare him to be the owner of the elevator, and business incident thereto, at Fairland.

"In case No. 12500, Josie Gaines and her associates sue Frank Gaines for an accounting, claiming that he has appropriated to himself considerable sums of money, which in reality belong to either the corporation, Gaines Brothers Company, or the partnership Gaines Brothers, and the Gaines Brothers Company, a corporation, is joined as a plaintiff with the individuals hereinbefore named. This action is in the nature of an accounting, and involves voluminous pleadings; voluminous pleadings have been filed in all of these cases, and they were consolidated for trial by the court over the protest of Frank Gaines. There are many items of controversy, some of them for large amounts, and some of them for smaller amounts. Frank Gaines contends that certain charges should be made against Josie Gaines and she contends that certain charges should be made against Frank, and each

contends that credit should be given where none has been given heretofore."

In case No. 13442, judgment was entered in favor of Frank Gaines, and against Josie Gaines and family for the sum of $1,200. In case No. 12775, judgment was entered in favor of Frank Gaines, for partition as alleged in the second cause of action in his petition, and against him and in favor of the Josie Gaines family on the first and third causes of action. In case No. 12500, the accounting case, judgment was entered in favor of Josie Gaines family and against Frank Gaines in the net sum of $2,728.03 with interest at 6 per cent. per annum from the date of judgment.

The proceedings in the trial court cover a long period of time, necessitating piecemeal consideration of the many difficult questions presented in the trial of the cases. Evidence produced deals with transactions covering a period of more than 40 years and involves several hundred thousand dollars. The record and exhibits make a huge bulk; the items in the accounts are involved, intricate, and conflicting.

On the trial each party produced expert witnesses, public accountants whose services, to a great extent, were relied upon by both the trial court and the litigants in developing the facts incident to the long period of operation of the individuals, partnership, and corporation involved in the litigation. No party to the action is satisfied with the judgment, and both sides appeal to this court. In this opinion the parties will be referred to as they appeared in the accounting case, that is, Josie Gaines and her associates as plaintiffs, and Frank Gaines as defendant.

On request of the parties the trial court made findings of fact, upon which are based its conclusions of law in support of the judgments. The issues here are solely of fact and are confined almost entirely to the judgment in the accounting case; therefore we are guided by the general rule announced in 1 C. J. 646, as follows:

"Appeals and actions for an accounting are governed by the rules applicable in other actions of an equitable nature. Thus the court will not closely scrutinize a voluminous account to detect arithmetical mistakes, when appellant fails to point out mistakes. So a decree will not be reversed for an improper charge contained therein if it appears that the amount found against appellant would be increased upon a proper settlement; but if correct except for items certain and ascertainable it will be affirmed with modification as to such particular items. As in other cases objections to the account not raised in the court below will not be considered on appeal; and accountings will not be disturbed for harmless error."

The general rule is emphasized in Murdock v. Clarke, 90 Cal. 427, 27 P. 275, wherein the Supreme Court of California held:

"The action of the court below is presumed to be correct and upon an appeal therefrom it is incumbent upon counsel to point out the error. This, in a case like the present, where an account has extended over many years, can be done only by taking the account as a whole, rather than selecting individual items, and expecting this court to examine the entire record for the purpose of determining whether, in connection with the result as finally ascertained, those items have been properly allowed."

Specifically, the plaintiffs assert that the trial court erred in its judgment in omitting from its consideration an item of $64,880.29 which it is claimed was an unliquidated debt owing to the plaintiffs from the Gaines Brothers Corporation on June 30, 1936. Accordingly, the remainder of this opinion is obviously a problem in accounting and that alone.

The item of $64,880.29 was the subject of considerable inquiry during the trial, both by the court and the litigants. The reports of the accountants, both for the plaintiffs and for the defendant, are in practical agreement that as of June 30, 1936, the Gaines Brothers Corporation was indebted to the plaintiffs in the sum of $64,880.29. Furthermore, on the trial the defendant submitted to the

court a requested finding of fact which was in part as follows:

"The court finds that according to the books and records of Gaines Brothers Company, a corporation, as of June 30, 1936, there is a balance of $1,063.44 due Frank Gaines family and a balance of $64,880.29 due Josie Gaines family from Gaines Brothers Company, a corporation."

In his supplemental brief filed herein counsel for the defendant states:

"There is not going to be the slightest effort on the part of anyone to claim that the books did not show that on June 30, 1936, the Company owed Josie Gaines family $64,880.29, nor to deny that counsel for both sides so admitted, but what we object to is the use of this admission and then turn about and wholly disregard the elimination from account the $62,957.11 and the $3,590.62 owing Frank Gaines and shown by the same books on the same page."

It is proper, therefore, that we should examine the record in order to ascertain how the above-mentioned items of $62,957.11 and $3,590.62, respectively, were considered and disposed of by the trial court in its findings and conclusions of law.

The record shows that in the "Forfeiture of Charter Case," No. 12775, the defendant Frank Gaines (who was the plaintiff in that case), in his amended petition asserted ownership to a grain elevator and other buildings connected therewith located at Fairland, Okla., and prayed that the title to such property be quieted in him. A report on an audit of Gaines Brothers Company, a corporation, by Mr. Hering, accountant for the defendant, as of June 30, 1936, fixed the value of the Fairland property, including accounts receivable, at $95,018.52. The same audit reflects items of $62,957.11 and $3,590.62 as liabilities. These items represent money paid out by the defendant in the operation of the Fairland business during the period from November 1, 1934, to June 30, 1936.

About November 1, 1934, the defendant made an inventory of the assets of the Fairland business, fixed the value of the property at $32,837.66 and directed his auditor, Mr. Hering, to enter the property on the books of the Gaines Brothers Company, as a credit sale by the corporation to him of the Fairland business for the sum named. Thereafter, all transactions pertaining to the Fairland business were conducted in the name of the defendant; the books and records were kept in his name and the business was reported as his own in his income tax returns. During that period the defendant expanded and enlarged the Fairland business and in such expansion expended the said sum of $62,957.11. It appears that the operation of the Fairland business by the defendant during the period from November, 1934, to June 30, 1936, resulted in a loss of approximately the amount the defendant contributed to the business during that time.

On the trial the defendant contended that his operation of the Fairland business from 1934 to June 30, 1936, was as a trustee for the benefit of the corporation, and that under such circumstances the corporation should be charged with the losses incurred during such period, amounting, as stated, to the aforesaid sum of $62,967.11, and the additional sum of $3,590.62. The trial court, however, did not adopt the defendant's contention on this point.

From the evidence presented, the trial court found:

"Another item difficult of adjustment is the sum of $32,837.66 in connection with the business at Fairland. Frank Gaines had been in active charge of the business there for practically all of the years of the existence of the corporation, and the directors of the corporation in 1934 had some controversy with him and demanded that he surrender the property to them. He refused to do that and some litigation resulted. Frank Gaines caused an inventory to be made of the elevator and certain of the assets at Fairland aggregating the sum hereinbefore mentioned, and remained in charge of the Fairland operations and treated it as a sale to him for that amount. Frank Gaines at that time was

a stockholder in the corporation. He had no authority to manage its affairs subsequent to the 21st day of August, 1933, and could not make a legal sale of any of the corporation property to himself, and this was corporation property at that time, and he did not acquire title to any of the property involved in that inventory. He owes the corporation that sum and it is charged against him."

In its conclusions of law on this proposition, the court decided:

"Frank Gaines having taken charge and operated the Fairland elevator and business without any legal authority to do so under a claim of ownership makes this difficult for the court to work out. The solution of that problem appears to be that on payment of the amount of the inventory in the manner covered in the findings of fact, amounting to $32,837.66, the ownership and title to the property included in the inventory is vested in him. And all of the property belonging to the Fairland business, included in the inventory, or not included subsequent to November 8, 1934, including money, bills receivable, whether notes or accounts and he is charged with all these debts and liabilities accruing at Fairland subsequent to the 8th day of November, 1934."

As heretofore stated, the value of the Fairland property assets, including accounts receivable, as shown by the balance sheet of the accountant, was $95,-018.52. The trial court in its findings charged the defendant with the value of the Fairland property as shown by the corporate records, to wit, $32,837.66, as a debt owing by him to the corporation. It appears, therefore, that in awarding the Fairland property to the defendant, the court took into consideration the items of $62,957.11 and $3,-590.62 expended by the defendant in the operation of the property during the period from November, 1934, to June 30, 1936; during which time, the court found, the defendant was wrongfully in possession of the property.

Additional assets of the corporation were a grain elevator and other property of the corporation located at Narcissa, Okla. The court found that the property at Narcissa, including the grain elevator, had for a number of years been operated and conducted by John Henry Gaines, and on his death had been operated by his heirs, the plaintiffs herein. The court awarded the Narcissa property to the plaintiffs, and, in so doing, also charged them with $21,000 as a debt owing by them to the corporation on account of funds expended by it for improvements on the property. The principal controversy here arises over the computations of the trial court and the interpretations to be placed upon its findings of fact and conclusions of law. In their briefs counsel for both the plaintiffs and the defendant complain that the findings of the court are in many instances uncertain and ambiguous. This is occasioned, we think, because of the exhaustiveness of the findings in attempting to reconcile the many conflicting claims with the testimony presented on the trial of the cases. In view of the various constructions and interpretations placed upon the findings and conclusions, and the numerous computations presented by the parties in their briefs, we find it necessary to construe the findings and conclusions and test them by the evidence in order to arrive at what we consider the proper judgment in the case.

The findings and conclusions of law are based upon the condition of the accounts of the individuals, partnership, and corporations as of the date of June 30, 1936. In this situation it appears inescapable, under the record, that on said June 30, 1936, there was a net balance of $64,880.29 owing by the Gaines Brothers Corporation to the plaintiffs. It appears, too, that this sum did not receive proper recognition by the trial court in arriving at the amount of the judgment.

From the evidence presented at the trial and under the findings of the court, the following computation is adopted as the proper basis for determining the judgment which, in our opinion, should have been entered:

Plaintiffs Owed Corporation:

| | |
|---|---|
| Finding 17 | $69,329.33 |
| Narcissa Machinery | 1,200.00 |
| Finding 19 | 4,053.75 |
| Narcissa Livestock | 12,105.00 |
| Narcissa Equipment | 4,399.94 |
| Total | $91,088.02 |
| Less credit June 30, 1936. | 64,880.29 |
| Balance owing corporation by plaintiffs | $26,207.73 |

Defendant Owed Corporation:

| | |
|---|---|
| Finding 16 | $21,495.25 |
| Finding 19, Oil | 18,833.77 |
| Finding 19 | 32,837.66 |
| Finding 19 | 4,053.75 |
| Total | $77,220.43 |
| Less credit Finding 19 | 5,978.56 |
| Balance owing corporation by defendant | $71,241.87 |

The total amount owing the corporation by the plaintiffs and the defendant was therefore $97,449.60.

In the foregoing computation certain items have been charged to the plaintiffs although not specifically set out as charges by the trial court in its findings. These we consider necessitated by the evidence. They are specifically set out in the balance sheet and report of the accountants as of date June 30, 1936, and are nowhere disputed.

We now approach the ultimate significance of the foregoing computations. As hereinbefore stated, all of the corporate assets for distribution consisted solely of claims owing to the corporation from the plaintiffs and the defendant; the aggregate of these claims amounted to $97,449.60.

It is undisputed that the proper division of the assets is in the ratio of 820/1600 to the plaintiffs, and 780/1600 to the defendant. On this basis there was *due* the plaintiffs on distribution the sum of $49,942.92 and there was *owing* to the corporation by the plaintiffs the sum of $26,207.73. The difference between these amounts is $23,735.19, owing to the plaintiffs.

The defendant *owed* the corporation $71,241.87 and there was *due* him on distribution the sum of $47,506.68. The difference between these amounts is $23,735.19, which net sum, we conclude, is the amount of the judgment which should have been entered by the trial court in favor of the plaintiffs, and this is in accord also with the preceding paragraph.

We have found it unnecessary to incorporate in this opinion the historical details concerning the organization and transactions of the partnership, corporation, and individuals whose activities culminated in these three cases. The details of the various transactions are exhaustively set out in the findings of the court and in the briefs of counsel for the respective parties; and to a limited extent in cases heretofore before this court: Gaines Brothers Co. et al. v. Gaines, 176 Okla. 576, 56 P. 2d 869; Gaines v. Gaines Brothers Co. et al., 176 Okla. 583, 56 P. 2d 863. We consider it fitting to observe that the attorney for the defendant in this court did not appear as counsel in the trial of the cases in the lower court.

The actions were commenced as proceedings in equity and tried to the court as equity cases. Therefore this court should render or cause to be rendered such judgment as the weight of the evidence clearly indicates the trial court should have rendered. State ex rel. Oklahoma Tax Commission v. Westheimer & Daube, 182 Okla. 271, 77 P. 2d 1126. Such we shall do.

The judgment is modified as herein directed and the cause is remanded to the trial court, with directions to enter judgment in favor of the plaintiffs and against the defendant in this respect in the amount of $23,735.19. In all other respects the judgment is affirmed.

BAYLESS, C. J., WELCH, V. C. J., and RILEY, OSBORN, GIBSON, HURST, and DAVISON, JJ., concur. CORN, J., absent.