[Civ. No. 18724.   Second Dist., Div. Three.   Jan. 16, 1952.]

WAYNE ALLES, Respondent, v. JOHN B. HIPP, Appellant.

Myron W. Silverton for Appellant.

No appearance for Respondent.

SHINN, P. J.—Defendant appeals from a judgment of $300 awarded plaintiff for his services as a real estate appraiser and valuation witness. His contentions are that the evidence does not support the findings and that the findings do not dispose of all the issues.

Defendant was the owner of property on Beaudry Avenue in Los Angeles, which was being acquired by the state through condemnation. He employed plaintiff to make a report as to the value of his property for $300, and to testify in court as to its value at $100 per day. Plaintiff made a written report and was paid therefor $300. He was on the witness stand three days, a major portion of which time was consumed in cross-examination by the attorney for the state. He was refused compensation for his attendance upon court,

and brought the present action in the municipal court. Defendant filed a counterclaim for large damages alleged to have been suffered by reason of plaintiff's incompetence as a witness, and the case was transferred to the superior court. By his answer defendant alleged that although plaintiff represented himself to be well qualified, his services were incompetently rendered, worthless and detrimental; that to induce his employment plaintiff represented that defendant would receive not less than $37,000 for his property and that his, plaintiff's, services would not require more than one day in court. It was alleged, as purely evidentiary matter, that as a witness plaintiff became "rattled, nervous, confused and inconsistent"; that he was ridiculed by the attorney for the state as a "chaser" and a "liar"; that the trial judge in his instructions intimated that he has been untruthful, and, in general, that plaintiff's efforts to establish a value of $39,500 for the property were so futile, and so altogether pitiful, that they influenced the jury against defendant, with the result that he was awarded but $29,000 for his property, whereas it was worth not less than $37,000. Defendant sought $8,000 as damages.

The claim of insufficiency of the evidence to prove that plaintiff fulfilled his contract is presented as a discussion of the weight of the evidence and inferences therefrom. According to plaintiff's testimony he was a highly qualified expert and his services as such were competently rendered. According to the testimony of the defendant, which had some corroboration, plaintiff put forth a miserable effort to establish a value for the property of $39,500. Defendant lived on his property and for 25 years had been a real estate broker. He had ample opportunity to judge of plaintiff's qualifications before he used him as a witness, as did his attorney. The question in the present action was whether plaintiff, as an expert witness, had employed the knowledge, skill and ability which were required for fulfillment of his contract. The entire matter was gone into at length and there is ample evidence in the record to sustain the conclusion of the trial court.

The remaining question has to do with the sufficiency of the findings. These were drafted by counsel without comprehension of the simple factual questions which the court was required to decide. The draft was a confused mixture of facts admitted by the pleadings, evidentiary facts pleaded in the complaint, the answer and the counterclaim, and facts not relevant to the issues. The trial judge made many ex-

tensive deletions, corrections and additions, but it would have been impossible to put the findings into satisfactory form without rewriting them entirely. It is a situation to which we are all accustomed and which occasions no surprise. A proper set of findings is a rarity in our experience.

After finding that plaintiff was employed as alleged (and as admitted by the answer), the court found that plaintiff did not represent that he would be in court not more than one day, or that the value of defendant's property was $37,000, or that if he testified defendant would receive not less than $37,000 for his property. ▮ The only finding that was at all relevant to the ultimate questions of fact reads as follows: "That it is not true that by reason of said incompetence of said Alles as an alleged expert on real estate values, his methods of conducting his business, the said instruction of the trial judge that a witness false in one particular could be disbelieved by them in all particulars, and said references by the state's attorney to Alles as a 'chaser' and 'liar,' or by reason of any of said matters, the jury was proximately caused to become and did become, so influenced against defendant in said condemnation action, that it allowed said defendant only the sum of $29,000.00 for his property, to his damage in the sum of $8,000.00 or any other sum."

This finding, and others which were crossed out by the trial judge, are products of the mistaken belief that there must be a finding as to each allegation and each denial of every pleading in the case. It is a common practice to have findings upon allegations of the complaint which are admitted by the answer, upon evidentiary matters, upon probative facts and upon immaterial facts. A frequent result is that the findings as a whole are contradictory, confusing and, when related to entire paragraphs of the complaint or answer, partially or wholly contrary to the admitted facts. It is seldom that we encounter findings on the ultimate issues and upon those alone. More often we have to grope for the essential findings, as we now proceed to do.

The employment and the rendition of services being admitted, the only matter in issue was whether plaintiff's services were rendered in a competent manner or, in other words, whether he had fulfilled his contract. There was no direct finding on it, one way or the other, although there should have been. It is therefore necessary to determine whether the quoted finding serves the purpose.

▮ It is a familiar rule that, if reasonably possible, findings should be construed so as to support the conclusions

and judgment. (24 Cal.Jur., p. 1009; 23 McKinney's Cal. Digest, p. 624.) ▆▆ Under a liberal application of this rule the above finding means that the valuation of $29,000 arrived at by the jury or any damage suffered by defendant was not due to "said incompetence of said Alles as an alleged expert on real estate values," or to any of the other matters mentioned. (We must reject the construction that incompetence of plaintiff, and that he was only an "alleged" expert, and that defendant suffered damage, were assumed to be facts.) Therefore the finding also means, under a liberal interpretation, that defendant was not damaged in any sum by reason of the incompetence of plaintiff, which is a circuitous way of saying that even if defendant suffered damage it was not due to plaintiff's failure to fulfill his contract. We hold the finding in question to be sufficient. But we reach this conclusion only because the trial judge must have understood it as a finding that plaintiff was not responsible for any lack of success of defendant in establishing a higher value for his property; otherwise plaintiff would not have been given judgment.

The court did not fail to find on a material issue. The point is that it is difficult to ascertain what the court did find. It does not appear that defendant objected to the form of the finding above quoted, and it does appear from the clerk's transcript that he made no motion for a new trial. Had it been pointed out to the trial court that the finding made multiple use of the negative pregnant, with implications that plaintiff was only an "alleged" expert and incompetent, etc., and that defendant had suffered damage but that the damage did not result from plaintiff's incompetence, etc., a proper correction would no doubt have been made. ▆▆ The losing party should not be permitted to criticize the findings as ambiguous when he has made no objection to them, either before they were signed, or later on motion for a new trial. (*Matlin* v. *Crescent Commercial Corp.*, 93 Cal.App.2d 8, 12 [207 P.2d 873]; *Del Ruth* v. *Del Ruth*, 75 Cal.App.2d 638 [171 P.2d 34].)

The judgment is affirmed.

Wood (Parker), J., and Vallée, J., concurred.

A petition for a rehearing was denied February 7, 1952, and appellant's petition for a hearing by the Supreme Court was denied March 13, 1952. Schauer, J., was of the opinion that the petition should be granted.