[Civ. No. 18608.   Second Dist., Div. One.   Mar. 3, 1952.]

IDA MAE PERRY, Appellant, v. MARY GLADYS
MANNING et al., Respondents.

Edward S. Hardwick for Appellant.

Afue McDowell for Respondents.

DRAPEAU, J.—The complaint herein alleges that plaintiff and defendant Perry are husband and wife having been married on May 25, 1942.   That during such marriage, defendant husband with the use of community earnings and without the consent of plaintiff, agreed to purchase jointly with defendant Manning two unimproved lots by means of a written installment contract.   That on or about February 9, 1950, defendant Perry assigned all of his interest under said contract to defendant Manning, whereupon defendant

Reeves, the seller, executed a grant deed of the lots to defendant Manning, alone.

Defendant Manning answered admitting the purchase of the lots, performance by her of the terms of the contract; the execution of the deed to her alone, and alleged that "afterward" defendant Perry transferred his interest in the property to her.

Evidence was presented that $350 was paid down on the contract by defendant Manning and that the balance of $1,100 was payable in monthly installments of $25, some of which were paid by defendant Perry.

The contract of purchase was not produced at the trial, but an undated modification of the contract signed by defendants Perry and Manning was introduced which provided that the deed from seller should be made to defendant Manning alone.

By an amendment to her answer to conform to proof, defendant Manning alleged that the entire transaction was undertaken to provide for the care, maintenance, education and support of the paralyzed minor son of herself and defendant Simon Perry; that said child, a victim of poliomyelitis, was born before the marriage of plaintiff and defendant Simon Perry; that said Perry signed the contract and paid money on the purchase price of the property in consideration of the mother's promise to build a house on the lots where she could care for and maintain the child and thus relieve the father from providing a home, care, maintenance and support for said child. It was also alleged that the mother had complied with her promises and all that was done by the father was done in furtherance of his promise to help toward the support, education, care and maintenance of said minor child.

The trial court found, among other things, that the defendant Perry paid $200 on the purchase price of the lots from his earnings which were the community property of him and plaintiff; that the defendant Manning paid the entire balance of said purchase price; that defendant Perry conveyed his interest to her and she now owns said lots free and clear of any claim of defendant Perry, who received full and valuable consideration for the transfer.

Further, that said defendant Perry is the father of the minor child and is obligated to support him; that he did so for a time, giving the mother sums of money at regular intervals which, together with her earnings, provided the

necessaries of life for such child. That during infancy the boy was stricken with poliomyelitis and for six years was crippled, needing constant care; that this was provided by the mother, who gave up most of her employment in order to care for him.

It was also found that the $200 paid by the father on the purchase price was done for the benefit of the child and to assist the mother in obtaining reasonable shelter for him; that it was the mother's intention to build a small dwelling on the lots where the child could live and she could be with him to help him; that "it is reasonable and necessary that the child have shelter and that the same which is intended to be provided is in keeping with the limitations of the child himself, his mother and the ability of Simon Perry to pay, and that no portion of the contribution of Simon Perry has become an asset to Mary *Grace* Manning."

It was also found that the plaintiff "has no interest" in the lots; that defendant Manning asserts an interest therein adverse to plaintiff; that such claims are "just and right. The court finds that she is the owner thereof."

Based upon such findings, the court concluded:

1. That plaintiff has no interest in the lots.

2. That the sum of $200 paid by the father to assist the mother to obtain the property was paid in performance of an obligation on his part to furnish his minor child with the necessaries of life.

3. That the transfer by the father of his interest in the lots to the mother should be confirmed.

4. That a constructive trust should not be imposed upon the property.

5. That plaintiff take nothing.

From the judgment which followed, plaintiff appeals.

Appellant here urges that (1) the judgment is contrary to the law and the evidence; (2) the findings of fact are inconsistent and contradictory.

In connection with her first point, appellant contends that the conveyance by Mr. Perry to Mrs. Manning, without the consent of Mrs. Perry "was in clear violation of Section 172a of the Civil Code."

In the first place, it was proved and found by the court that respondent Perry paid $200 toward the purchase of the property here in question. Secondly, the record discloses that the child, James Perry, was born in 1938, was brought to California in 1941, and that his father contributed

to his support before his marriage to appellant. While it is true that respondent Perry did not discuss with appellant wife his plans for his son, nonetheless, it was his legal duty to support him. (*Sweet* v. *Hamilothoris,* 84 Cal.App. 775, 783 [258 P. 652]; Civ. Code § 196a.)

As stated in *Myers* v. *Harrington,* 70 Cal.App. 680, 683 [234 P. 412], prior to the adoption of section 196a, *supra,* "there was no legal obligation resting upon the father of an illegitimate child to furnish it support or give it an education. In 1913, however, the legislature added this section to the code and thenceforth it became the mutual obligation of both the father and mother."

Section 143, Civil Code, provides that in divorce actions "The community property and the separate property may be subjected to the support and education of the children in such proportions as the court deems just."

And, in *Turner* v. *Metropolitan Life Ins. Co.,* 56 Cal.App.2d 862, 866 [133 P.2d 859], the following appears: "Furthermore, by statutory enactments in this state, illegitimate children have been placed on a full parity with legitimates insofar as their right to support and maintenance is concerned; and consequently under the Insurance Code an illegitimate child has an insurable interest in the life of its father. In this respect section 196a of the Civil Code provides: 'The father as well as the mother, of an illegitimate child must give him support and education suitable to his circumstances,' which obligation may be enforced by civil suit brought in behalf of the illegitimate child by its mother or guardian; section 270 of the Penal Code declares that if the father 'wilfully omits without lawful excuse to furnish necessary food, clothing, shelter or medical attendance or other remedial care for his child' he may be prosecuted criminally for such omission; and section 10110 of the Insurance Code provides that 'Every person has an insurable interest in the life and health of: . . . (b) Any person on whom he depends wholly or in part for education or support.'"

In the circumstances here presented, it would be unjust and inequitable to permit appellant to recover from the mother of the unfortunate child, those earnings which it was her husband's legal duty to contribute to the child's support.

It is also urged that the following findings are irreconcilable:

"XII. The court finds that it is reasonable and necessary that the child have shelter and that the same which is intended

to be provided is in keeping with the limitations of the child himself, his mother and the ability of Simon Perry to pay, and *that no portion of the contribution of Simon Perry has become an asset to Mary Grace Manning.*

"XIV. The court finds that Mary Grace Manning does claim and assert an interest therein adverse to the plaintiff and that such claims are just and right. The court finds that she is the owner thereof."

The apparent inconsistency is explained by paragraph 7 of the judgment which decrees: "That the $200.00 paid by said Simon Perry to assist defendant, Mary Gladys Burrell (sued under her former name, 'Mary Gladys Manning') in obtaining said land was paid in performance of his obligation to furnish his minor child with the necessaries of life."

■■ Quoting from the very recent case of *Alles* v. *Hipp,* 108 Cal.App.2d 730, 732 [239 P.2d 451]: "It is a familiar rule that, if reasonably possible, findings should be construed so as to support the conclusions and judgment. (24 Cal.Jur., p. 1009; 23 McKinney's Digest, p. 624.) . . . The losing party should not be permitted to criticize the findings as ambiguous when he has made no objection to them, either before they were signed, or later on motion for a new trial."

For the reasons stated, the judgment is affirmed.

White, P. J., and Doran, J., concurred.