# KELLER v. WIXOM.

No. 7778.   Decided March 31, 1953.   (255 P. 2d 118.)

See 68 C. J. S., Partnership, sec. 440. Proceedings to compel accounting on dissolution of partnership. 40 Am. Jur., Partnership, sec. 328.

*George M. Mason,* Brigham, *Fred L. Finlinson,* Salt Lake City, for appellant.

*Newell G. Daines,* Logan, *Walter H. Anderson,* Pocatello, Idaho, of counsel, for respondent.

McDONOUGH, Justice.

This action was brought by the plaintiff to secure a dissolution and an accounting of a partnership venture alleged to have existed between plaintiff and defendant from March 19, 1947 to August 10, 1950. The lower court made findings of fact, supported by sufficient evidence, as to the major items of controversy and awarded a judgment against the defendant in the sum of $13,438.52. Defendant appeals from this judgment basically contending that the court erred in not particularly specifying certain items of expense and cost and by not rendering an itemized account of how he arrived at the amount of judgment. The record

reveals that after findings of fact were submitted to the court certain amendments thereto were proposed by the defendant. Some of these amendments were adopted and some were rejected, but none of the proposed amendments requested the specific findings, each of which is here advanced as a ground of reversal.

While the trial court did not make a specific finding on every minor item, we believe the general finding

"that upon an accounting and making all of the charges to each of the partners which should be made to them and giving all of the credits to which each of the parties is entitled * * * there is a balance due and owing from said Wixom to said Keller in the sum of $13,438.52"

was sufficient to indicate the *modus operandi* of the court and this, joined with the specific findings as to the major items, sufficiently discharged the court's responsibility. Particularly is this so where appellant proposed no amendments in the respects complained of to the findings prepared by respondent and made no objection to them.

We acknowledge that a failure to find on a material issue is not cured by the appellant's failure to request amendments, but the lower court here did not fail to find on a material issue. The sole problem is that it is difficult to ascertain what the court did find in respect to certain items. If these items had been brought to the attention of the trial court at the proper time, a proper correction, if called for, would no doubt have been made. Defendant, however, not only made no objections to the findings before they were signed, but he raised none of these questions in his motion for a new trial. Hence, he cannot now be permitted to criticize the findings for ambiguity, inexplicity, or uncertainty. *Alles* v. *Hipp,* 108 Cal. App. 2d 730, 239 P. 2d 451; *Abel* v. *O'Hearn,* 97 Cal. App. 2d 747, 218 P. 2d 827; *Gaines Bros. Co.* v. *Gaines,* 188 Okl. 300, 108 P. 2d 177. Such objections, now made on appeal, come too late.

Appellant's second contention is that the trial court erred in refusing him the opportunity to introduce evidence in support of his claim for extra compensation for services and work required to be done for the benefit of the partnership. The record reveals that no express or implied agreement existed as to partner's wages or compensation; that both partners rendered labor and service in furtherance of the partnership venture, but that appellant contributed more in this respect than did respondent; that at the trial defendant proffered evidence of his greater exertion, but the court sustained objection to such offer on the ground that as a matter of law partners received no compensation for action in the partnership business (other than splitting the profits) unless there was an express agreement or provision for such remuneration.

Section 48-1-15(6), U. C. A. 1953, provides that

"No partner is entitled to remuneration for acting in the partnership business, except that a surviving partner is entitled to reasonable compensation for his services in winding up the partnership affairs."

To the same effect is *Forbes* v. *Butler*, 73 Utah 522, 275 P. 772, 775, wherein we stated:

"The amount of compensation either party in a partnership or joint venture is entitled to receive, in the absence of contract otherwise, is dependent upon the profits made from such joint venture."

We conclude no error arose in the exclusion of defendant's proffer of proof.

Defendant's final point on appeal is that the court erred in its mathematical calculations in arriving at the judgment. In support of this contention, defendant's ingenious and exhaustive argument is:

"Wixom calls the Court's attention to the calculations of the Court —obviously erroneous."

It is generally accepted that

"On appeal from a judgment stating an account, the presumption is in favor of the trial court's findings on contested items; and, except

in the case of a fundamental error, the appellate court will not attempt a detailed examination of accounts for the purpose of finding errors not specifically pointed out". 1 C. J. S., Accounting, § 44, page 689; *Gaines Bros. Co.* v. *Gaines,* supra.

The "obviously erroneous" calculation did not appear in our reading of the record. For this reason, this court is not disposed to closely scrutinize some three volumes of evidence and multitudinous exhibits to ascertain whether or not the lower court was proficient in arithmetic. Appellant, failing to point out arithmetical error, takes nothing under this contention. The judgment of the lower court is affirmed. Costs to respondent.

WOLFE, C. J., and CROCKETT and WADE, JJ., concur.

HENRIOD, J., having disqualified himself did not participate herein.