[Civ. No. 22611.   Second Dist., Div. One.   Jan. 6, 1958.]

CHARLENE L. CHASE et al., as Minors, Plaintiffs and Appellants, v. LUCILLE T. CHASE, Respondent; ALLEN CHASE, Defendant and Appellant.

Jacques Leslie and Harold B. Bernson for Appellants.

Hahn & Hahn and Allyn H. Barber for Respondents.

DORAN, J.—Charlene and Diane Chase, minor children of Lucille T. Chase and Allen Chase, instituted the within action for declaratory relief, naming the parents as defendants, contending that an agreement between Mr. and Mrs. Chase, dated November 24, 1954, was a valid instrument and for the direct benefit of the children.

Appellant Allen Chase, the father, admitted the validity of the agreement and by a cross-complaint sought specific performance thereof. The respondent mother admitted execution of the instrument but denied its validity, alleging that respondent was not mentally competent at the time of its execution; that Mr. Chase had fraudulently and unduly influenced the respondent to execute the agreement, and had, through the instrumentality of the children, obtained an unfair and inequitable advantage over the respondent. There was also a cross-complaint by Lucille Chase against Allen Chase, alleging default in the payment of a promissory note and asking foreclosure of a pledge of collateral security.

The agreement in question is in the form of a letter from Allen to Lucille Chase dated November 24, 1954, in which Mr. Chase states that it is impossible to maintain the home for the children at 10744 Chalon Road, because "it costs approximately $20,000 a year more to live in this house instead of

an apartment," and "still make the payments on my note to you." The letter then suggests that if Mrs. Chase "will cancel my note to you in the amount of $64,000 and return the security you are holding to insure alimony and note payments and I will agree to maintain 10744 Chalon Road for seven years (until Diane is 21 years old)." Mrs. Chase signified approval by signing the letter.

Upon the completion of a week's trial, judgment was entered against the appellants and in favor of the respondent Lucille T. Chase. It is the appellants' contention that the evidence is insufficient to support the finding that respondent was "of unsound mind but not entirely without understanding" when the agreement was signed. It is also claimed that the trial court erred in refusing to admit certain evidence, and that the findings of fact do not support the judgment as a matter of law.

■ That the record discloses substantial evidence in support of the trial court's finding that at the time Lucille T. Chase executed the agreement, "she was a person of unsound mind but not entirely without understanding," incompetent, and "mentally and physically ill . . . unable to fully understand the nature, the cause or the effect of executing said agreement, or to fully understand its effect upon her rights," cannot well be doubted.

There is testimony by various physicians and nurses to the effect that Mrs. Chase was mentally incompetent at the time the agreement was signed. A psychiatrist, a neurologist, and respondent's regular attending physician expressed such an opinion based upon tests and observation. Dr. Putnam testified that respondent's condition had been growing worse from November, 1953 to January, 1956. On December 1, 1954, a week after the agreement was signed, guardianship proceedings were instituted, and Mrs. Chase was adjudged an incompetent person. Such testimony cannot be ignored, and the fact that appellants are able to point to other aspects of the record tending to prove that respondent enjoyed certain clear periods, etc., does not change the situation, nor warrant a reversal of the trial court's findings and judgment. ■ The resolution of such conflicts in the evidence was a matter clearly within the province of the trial court.

■ "Appellants urge that as to Respondent's mental condition there is an inescapable premise or conclusion which binds the trier of the facts, and that is that on March 29, 1954, the day Respondent appeared in Court to obtain a de-

fault decree and to obtain court approval of a complicated property settlement agreement (Deft. Exh. A) she was of sound mind and capable of understanding a far more complex document than the agreement here in question. This is at least impliedly res adjudicata of her mental condition . . . . Appellants accordingly urge that there is an implied finding of her mental competency in the Interlocutory Judgment."

The above contention cannot be sustained. As pointed out in the respondents' brief, the default decree of March, 1954, contains no finding or adjudication of competency, nor can it be said that there is any such implied finding. Moreover, the issue in the present action relates to the respondent's state of mind on November 24, 1954, more than seven months after the divorce decree. It needs no citation of authority to demonstrate that a person may be competent seven months prior to the date of alleged incompetency.

The appellants contend that it was error to refuse to permit Mrs. Chase's attorney to testify as to respondent's competency on March 29, 1954, the date of the divorce decree. The record discloses that on *voir dire* examination the proposed opinion would be based upon "communications with Mrs. Chase . . . and your observation of her . . . and your professional relationship with her." After discussion between court and counsel and the citation of authority, objection to such testimony was sustained on the ground that it would violate the confidential relation existing between attorney and client.

In this, no prejudicial error is apparent in the light of ample testimony that Mrs. Chase was incompetent at the time the agreement was executed. The same may be said in reference to testimony that the respondent's business agent was present during the communications between attorney and client, and that this status of business agent was proven by the attorney's testimony.

Careful survey of the record indicates that the findings of fact support the judgment; that the findings are supported by substantial evidence, and that no reversible error has been committed.

The judgment is affirmed.

White, P. J., and Fourt, J., concurred.

Appellants' petition for a hearing by the Supreme Court was denied March 6, 1958.