[Civ. No. 23434. Second Dist., Div. One. Dec. 24, 1959.]

A. B. McKINLEY, Appellant, v. A. E. BUCHANAN, Respondent.

Joseph A. Brown and M. A. Leite for Appellant.

W. W. Eschwig for Respondent.

FOURT, J.—This is an appeal by the plaintiff and cross-defendant (hereinafter referred to as "appellant") from a

judgment rendered in favor of the defendant and cross-complainant (hereinafter referred to as "respondent") for breach of contract.

The case was heard without a jury and respondent was awarded a judgment in the sum of $4,330.61 on his cross-complaint.

A résumé of the facts is as follows: Appellant had levelled a portion of his ranch property preparatory to the installation of a pipe line irrigation system. It was contemplated that he would grow alfalfa as a crop. Thereafter, some time in January, 1955, an oral agreement was entered into between appellant and respondent whereby the latter agreed to manufacture and install a concrete water pipe line for alfalfa irrigation on the ranch owned by appellant. The terms agreed upon were that respondent would pay appellant $1.05 per foot of concrete pipe installed, plus costs of materials and labor for the installation of valves, gates, air vents and other necessary fittings, which sum was to be payable one-half upon completion of installation of the cement pipe, and the balance on or before thirty-five (35) days following completion by respondent on the installation of the irrigation system. Respondent further agreed to repair any leaks for a period of one year.

On or about April 1, 1955, pursuant to the terms of the oral agreement, respondent completed installation of 4,534 feet of 12-inch cement pipe and completed installation of sufficient valves and fittings in the irrigation system for the commencement of the irrigation operation. Immediately after April 1, 1955, appellant commenced irrigation operations and thereafter respondent made various adjustments to the pipe to eliminate seepage. There is a great conflict in the testimony as to what extent the pipe line was fit for irrigation purposes.

Some 45 days later, more or less, while respondent was still making the adjustments to the pipe line, appellant ordered respondent off the premises and refused to permit respondent to complete the adjustments.

On March 7, 1956, appellant filed a complaint alleging breach of an oral contract to construct the pipe line for irrigation purposes. An answer and cross-complaint were filed June 29, 1956, the cross-complaint alleging due performance of said oral contract and praying for the sum of $4,330.61 as the unpaid balance due and owing cross-complainant.

Following trial of the cause, findings of fact and conclusions of law were filed March 17, 1958, and on March 13, 1958, some three days prior to the filing of findings of fact and conclu-

sions of law and entry of judgment, appellant filed a motion for a new trial. The hearing on the motion for a new trial having been set for March 28, 1958, was continued to April 11. On April 11, 1958, the motion was heard and on May 1, 1958, it was ordered to stand submitted for decision. On May 12, 1958, the motion was denied and appellant took his appeal from the judgment.

Appellant complains of the findings of fact asserting that they are against the weight of the evidence. It is true that there is a marked conflict in the testimony of various witnesses. ■ However, for purposes of appeal all conflicts must be resolved in favor of the prevailing party. ■ The weight of the evidence and the credibility of the witnesses are matters for the trier of fact and not for this court. (*Smith* v. *Bull,* 50 Cal.2d 294, 305 [325 P.2d 463] ; *McClain* v. *City of South Pasadena,* 155 Cal.App.2d 423, 431 [318 P.2d 199] ; *Chase* v. *Chase,* 156 Cal.App.2d 540, 542 [319 P.2d 670] ; *Berry* v. *Chrome Crankshaft Co.,* 159 Cal.App.2d 549, 555 [324 P.2d 70].)

■ The court's statement in *Browning* v. *King,* 159 Cal.App.2d 326, 328 [324 P.2d 14] quoting from *Estate of Harvey,* 143 Cal.App.2d 368, 370 [299 P.2d 712] is pertinent to this case. It was there stated:

" 'The appellate courts are required to reiterate from day to day, and with unremitting monotony . . . that the appellate court cannot weigh the evidence to determine where the preponderance lies; that its duty begins and ends with a determination of whether there is any substantial evidence, contradicted or uncontradicted, which supports the findings of fact; and that when two or more inferences reasonably can be deduced from the evidence the reviewing court cannot substitute its own inferences for those of the trial court.' In the present case, therefore, it is not proper to attempt a retrial or revaluation of the evidence. The record discloses abundant conflict, but it also reveals substantial evidence in support of the verdict.''

■ The test is not whether there is a substantial conflict in evidence but whether there is substantial evidence in favor of the respondent. (*Crogan* v. *Metz,* 47 Cal.2d 398, 404 [303 P.2d 1029].) ■ As pointed out in *Marquez* v. *Ortiz,* 159 Cal.App.2d 721, 726 [324 P.2d 720] :

". . . An appellate court must accept as true all evidence which tends to establish the correctness of the findings and decision of the trial court, as well as the inferences which

might reasonably have been drawn by the trial court from such evidence.'' Having the rules thus mentioned in mind, we think there is ample evidence in the record to sustain the findings of fact and that the findings support the judgment.

■ Appellant contends that Finding Number XIV does not comply with the law and is not intelligible. This finding reads as follows:

''That with reference to the material allegations contained in Plaintiff's Complaint, the Answer thereto, the Cross-Complainant's Cross-Complaint and Cross-Defendant's Answer thereto not specifically found herein to be true or untrue are found to be untrue.''

This finding is the last of rather full and extensive findings and was apparently included as a ''catch all.''

■ While it is established that the failure of appellants to object to the findings of a trial court is not a waiver of a failure to find on a material issue (*Sharove* v. *Middleman,* 146 Cal.App.2d 199, 201 [303 P.2d 900]), the rule that the findings of a trial court must be construed liberally by the reviewing court in support of the judgment is particularly applicable in the absence of a request for more specific findings. (*Delbon* v. *Brazil,* 134 Cal.App.2d 461, 465 [285 P.2d 710] ; *Alles* v. *Hipp,* 108 Cal.App.2d 730, 733 [239 P.2d 451] ; *Perry* v. *Manning,* 109 Cal.App.2d 557, 561 [241 P.2d 43] ; *Fireman's Fund Insurance Co.* v. *Romero,* 128 Cal.App.2d 331, 338 [275 P.2d 83] ; *Robison* v. *Hanley,* 136 Cal.App.2d 820, 826 [289 P.2d 560].)

■ The appellant either could have filed exceptions to the findings or a request for correction thereof in the court below, or he could have made a timely and valid motion for a new trial. Appellant did not except to the findings or request correction thereof, and although he did make a motion for a new trial, the record discloses that it was made some three days prior to the filing of findings of fact and conclusions of law and entry of judgment. The notice of motion for a new trial was premature and ineffective for any purpose and the court had no jurisdiction to consider the notice. (*Tabor* v. *Superior Court of Los Angeles County,* 28 Cal.2d 505 [170 P.2d 667].)

Furthermore, if there are any contradictions in the findings they are slight and of no consequence. The findings must be liberally construed in support of the judgment. See Witkin, California Procedure, volume II, pages 1853 and 1854.

■ Appellant complains of Findings Number II and

Number IX, stating that the respondent was not entitled to such findings. These findings are as follows:

"II

"That with reference to Paragraph II of the Complaint and Paragraph II of the Answer, the Court finds that defendant (respondent) agreed to have said pipeline installed and said irrigation system sufficiently completed by April 1, 1955, to permit the commencement of irrigation upon said premises."

"IX

"That with reference to the allegations contained in Paragraph II of the Cross-Complaint and Paragraph II of the Answer to Cross-Complaint, the Court finds that on or about the 1st day of April, 1955, and pursuant to the terms of said oral contract, Cross-Complainant completed installation of the cement pipe upon said premises and completed installation of sufficient valves and fittings in said irrigation system for the commencement of irrigations operations thereon."

In reality, appellant's contention is that there is not sufficient evidence to support these findings. The fact that appellant sets forth portions of the record in his brief negating these findings does not make the findings erroneous since there is substantial evidence in the record which does support the findings.

 Appellant asserts that the doctrine of substantial performance was applicable and that the court erred in not so finding and rendering judgment with reference to this theory. We are of the opinion, under the circumstances of this case, that the doctrine of substantial performance does not apply. The pleadings disclose that respondent set forth his cause as based upon a contract fully performed. The evidence which was adopted by the trial court substantially established that respondent did perform, save and except as to the condition following performance (i.e., keeping the line in repair for one year). As heretofore stated the appellant prevented the respondent from repairing the leaks. The findings are without ambiguity in referring to performance by respondent.

Paragraph V of the respondent's cross-complaint sets forth:

"That cross-complainant has done and duly performed all the conditions of said oral contract on his part to be performed, save and except as to the completion of the above referred to adjustment of said pipe line, which latter per-

formance he was prevented from completing by the cross-defendant (appellant), as aforesaid.''

Finding No. XII deals with Paragraph V of cross-complaint and Paragraph V of the answer to cross-complaint and sets forth:

''. . . the allegations contained in Paragraph V of said Cross-Complaint are true and that the allegations contained in Paragraph V of said Answer to Cross-Complaint are untrue.''

Appellant asserts that it was error for the court to fail to take evidence with reference to the incomplete concrete pipe line. The trial court made its determination that the basic contract requiring installation of a concrete pipe line for irrigation was completed by respondent. The cost of perfecting the work or repairing leaks for the one-year period was not put in issue by appellant.

In appellant's opening brief it is stated:

''We recognize that the Court took no testimony on this, because the plaintiff firmly believed and adhered to the proposition that the pipe line was worthless and believed that he had fully so established.'' Clearly, the appellant cannot be heard to complain on appeal that the trial court, in reliance on appellant's unequivocal stand, did not elicit testimony on the cost of future repairs. There being no evidence on which to base such a charge, appellant may not now contend the judgment was wrong for that reason. (*Phillips* v. *Beilsten,* 164 Cal.App.2d 450, 458 [330 P.2d 912].)

It was incumbent upon appellant to direct the attention of the trial court to his contention in this respect. The law casts a duty upon such party of looking after his legal rights and of calling the judge's attention to any infringement of them. This could have been accomplished prior to the appeal by filing exceptions to the findings, by making a request for corrections or by a timely and valid motion for new trial.

The appellant also asserts that the trial court erred in failing to make a finding on the purported breach of the implied warranty. The warranty referred to is that set forth in Civil Code, section 1735, subdivision (1):

'' (1) Where the buyer, expressly or by implication, makes known to the seller the particular purpose for which the goods are required, and it appears that the buyer relies on the seller's skill or judgment (whether he be the grower or manufacturer or not), there is an implied warranty that the goods shall be reasonably fit for such purpose.''

We agree with appellant that the issue of warranty was raised in the trial court for determination. Paragraph III of the complaint states:

"III

"That the defendant carelessly, negligently and recklessly did and performed said work so that the said pipe line was absolutely worthless and useless; . . . that the line was constructed in such manner that the water would leave the line at all places where it was not wanted or desired, and fail to bring water to the point where it was desired for irrigation purposes."

Paragraph V of complaint states:

" V

"That the said pipe line was and is absolutely useless . . . and the said pipe line was and is of no value whatsoever and never has been."

On page 2 of the reporter's transcript it is stated:

"MR. LEITE: If the court please, has the court had an opportunity to look over the pleadings?

"THE COURT: Yes.

"MR. LEITE: The action is essentially one for a breach of warranty and for damages."

On page 3 of the reporter's transcript:

"MR. LEITE: A dollar five a foot, and that is about it. And if there were any shortage or little extension, to be measured when completed. So we have no quarrel, then. *In other words, Your Honor, if the court finds that this pipe was adequate, that there was no breach of warranty, we owe that amount of money and that is all there is to it.*" (Emphasis added.)

However, finding that the question of breach of warranty was raised in the trial court does not necessarily sustain appellant's contention that the trial court committed error in failing to make a specific finding on this question. While the findings do not state that there was no breach of an implied warranty, they do state that the allegations contained in Paragraphs III and V of appellant's complaint are untrue. It is the established rule that the findings are to be liberally construed. It is apparent from the findings and conclusions that the trial judge must necessarily have passed upon this issue; and by finding in favor of the respondent the lower court impliedly found against the appellant on that issue. Under the circumstances we construe the trial court's find-

ings of fact as a finding that there was no breach of an implied warranty.

For the foregoing reasons the judgment is affirmed.

Wood, P. J., and Lillie, J., concurred.