351 P.2d 956

**Julia P. LEITHEAD, Plaintiff and Appellant,**

v.

**Arnold A. ADAIR, Defendant and Respondent.**

No. 9130.

Supreme Court of Utah.

May 9, 1960.

Marvin J. Bertoch, Ray, Quinney & Nebeker, Salt Lake City, for appellant.

Orville Isom, Cedar City, for respondent.

CROCKETT, Chief Justice.

Julia P. Leithead sued her nephew, Arnold A. Adair, for $4,088.20 she claimed to be due her from their joint venture in the operation of a wheat farm. Upon an accounting by the trial court, it concluded that the plaintiff owed defendant $194.12 and entered judgment accordingly. Plaintiff appeals contending that the court erroneously computed the figures in its own findings and that a correct calculation thereof would result in a judgment in her favor for $2,406.50.

The parties purchased the farm in May, 1947, under an agreement that each would contribute financially and that the defendant would operate it, for which he would receive a salary. It was operated for three seasons, '47, '48, and '49 and then sold. There was disagreement as to how the accounts stood as between them. Testimony was presented that at different times Aunt Julia claimed that Arnold owed her widely varying amounts; and finally filed this suit for $4,088.20. From the evidence of the claimed credits, debits, claims and cross-claims of the parties in connection with the transaction and the operation of the farm, the trial court made a somewhat extensive accounting and entered the findings and judgment appealed from.

Through counsel plaintiff gives solemn assurance that her contention is indisputably correct because it was determined by a certified public accountant who has gone over the findings since the trial. However, with respect to this contention these facts

are noteworthy: that the figure of $2,406.50 is at considerable variance from the $4,088.20 for which plaintiff sued and that of $1,064.97 she claimed due her on the basis of exhibits introduced at the trial; and further that the accountant who prepared the figures for this appeal did so after the trial and did not have the benefit of hearing the testimony of the witnesses as did the trial court as to why and how the disputed credits and debits were to be applied.

 We spare this opinion the detail of the accounting, but make this general observation: the plaintiff claims that certain sums of money admittedly furnished by her for the venture and credited to her, should also have been debited against the defendant. Our study of the evidence fails to disclose any proof that the defendant actually received such funds. The court did charge him for all the income received from the operation of the farm. To further charge him with money which it was not shown he received would have been erroneous.

A rule which we deem to be controlling in regard to the facts of this accounting was expressed by this court through Justice McDonough in the case of Keller v. Wixom " * * * the presumption is in favor of the trial court's findings on contested items * * * "[1] This is supplemented by the generally accepted precept that in case of doubt or uncertainty as to the interpretation of the findings themselves, they are to be reviewed in such manner as will support the judgment.[2] And further, that in order to justify a reversal the burden is upon the plaintiff to affirmatively demonstrate error[3] absent which the judgment should be, and is, hereby,

Affirmed. Costs to respondent.

WADE, HENRIOD, McDONOUGH and CALLISTER, JJ., concur.

---

1. 123 Utah 103, 106, 255 P.2d 118, 119.
2. See 5 C.J.S. Appeal and Error § 1564 (9), p. 1315 and cases there cited.

3. Nokes v. Continental Mining & Milling Co., 6 Utah 2d 177, 308 P.2d 954.