**STATE of Utah, Plaintiff and Respondent,**

v.

**Kenneth LeRoy MITCHELL, Defendant and Appellant.**

**No. 15118.**

Supreme Court of Utah.

Sept. 23, 1977.

---

Michael D. Esplin, Utah County Legal Defenders Assn., Provo, for defendant and appellant.

Robert B. Hansen, Atty. Gen., Earl F. Dorius, Asst. Atty. Gen., Salt Lake City, Noall T. Wootton, Utah, County Atty., Provo, for plaintiff and respondent.

ELLETT, Chief Justice:

The defendant appeals from a denial of a writ of coram nobis. He was originally charged with the crimes of aggravated robbery and aggravated sexual assault. To these charges he entered pleas of not guilty. Thereafter, he changed his plea of not guilty to guilty as to the robbery charge and the prosecuting attorney then dismissed the charge of aggravated sexual assault.

The defendant was properly examined by both the judge and his own lawyer regarding the consequences of a guilty plea. He admitted his guilt and was duly sentenced to the state prison. While there, he secured a confession from a fellow inmate to the effect that he, the fellow inmate, was the robber. Then under the tutelage of the jailhouse lawyers, moved for a new trial.[1]

Since the motion was not timely filed, the court treated it as an application for a writ of coram nobis and took evidence on the matter. We are not here concerned with the question as to the discretion of the trial judge to permit the withdrawal of a plea of guilty theretofore properly entered. What we have here is an appeal from the denial of a writ of coram nobis. The writ, like one of habeas corpus, is civil in nature and the applicant has the burden of showing that there is evidence he could not have known about at the time of trial which would afford him relief. The applicant must show that an error was made and that he had no way of knowing about it; and, further, that if he had known about it, there would not have been a conviction in the case.[2]

It is a bit difficult to understand how the defendant never knew of his innocence until he found it out from a fellow convict who was already serving a term of five years to life for robbery.

The trial court listened to the defendant tell a tall tale of why he entered a guilty plea in the first place and then heard the defendant's fellow inmate tell how it was that it was he who committed the crime.

Two officers testified that when they learned about the purported confession, they went to the prison and interviewed the confessor. They enumerated many details of the conversation which showed beyond question that the inmate had never been in the place where the robbery occurred. The actual robbery occurred at 6:10 P.M. on July 16, 1975, with approximately three hours of daylight remaining. The confessor stated that he had to turn on his headlights in order to see when he left the scene of the crime. The dissimilarity of the size, height, weight, and other physical features were so different that there could have been no possible error on the part of the victim as to

1. 77–38–4, U.C.A., 1953 provides that the motion for a new trial must be filed within five days after the rendition of the verdict or decision.

2. *Sullivan v. Turner*, 22 Utah 2d 85, 448 P.2d 907 (1968).

which of the two men committed the crime. Upon the submission of the matter, the trial court stated:

> All right. I do not believe that an innocent man is being punished. I do not believe there's been a miscarriage of justice, and the petition for a writ of corum nobis is denied.

When the trial judge has made his findings, they are entitled to a presumption of correctness, and on appeal the evidence is to be surveyed in the light most favorable to sustain them. If there is any reasonable basis to sustain the judgment of the trial court, it will be affirmed.[3]

■ The evidence overwhelmingly supports the holding of the trial court, and the judgment is therefore affirmed. No costs are awarded.

CROCKETT, WILKINS and HALL, JJ., concur.

MAUGHAN, J., concurs in result.

---

3. Id.; *Leithead v. Adair*, 10 Utah 2d 282, 351 P.2d 956 (1960); *Coombs v. Perry*, 2 Utah 2d 381, 275 P.2d 680 (1954).