[Civ. No. 8986. First Appellate District, Division One.—October 28, 1933.]

J. A. SMITH et al., Appellants, v. THOMAS G. DRAKE et al., Respondents.

Fredericks, Hanna & Morton and Hanna & Morton for Appellants.

Walter F. Haas, H. C. Johnston, Walter B. Kibbey, Wm. H. B. Haymond, Cree & Brooks and Clock, McWhinney & Clock for Respondents.

THE COURT.—Plaintiffs brought this action to recover a percentage of the oil produced on lot 8, block C, tract No. 3207, Bixby Heights No. 1 in the county of Los Angeles. Judgment was rendered in favor of defendants and from this judgment plaintiffs have appealed. The facts in substance are as follows:

Defendants Thomas G. Drake and Sarah E. Drake are the owners of said lot and on or about May 6, 1922, they leased the same to Ed. R. Herwick and Ariel N. Herwick, husband and wife, by said lease granting to them the exclusive right to drill, operate for, develop and remove petroleum, oil, naphtha, natural gas, asphaltum and other kindred substances therefrom, the said Drakes to receive one-sixth of the oil or other kindred substances, the lease to continue for twenty years unless said wells fail to produce oil in paying quantities in a less period of time. This lease was recorded July 6, 1923. On July 18, 1923, the said Herwicks assigned the said lease to John E. Carson, Walter B. Barham and

Frank E. Leeper, reserving a royalty of 13⅓ per cent. Pursuant to said last-named instrument, the said assignees entered upon said premises and drilled a well thereon which produced oil from 1924 until some time prior to March, 1927. Leeper acquired the interests of his associates Barham and Carson in said lease. During this time the Herwicks were paid the royalty reserved by them. During the summer of 1927, Leeper grew discouraged over the conditions of the well and his efforts to make it producing, and offered to quitclaim to the Drakes the lease which had been assigned to him. At that time the Drakes refused to accept said quitclaim and insisted upon Leeper continuing his efforts to make the said well a producing one. Thereafter Leeper had trouble with water coming into said well, and finally, about the last of September, 1927, he again offered to quitclaim the said lease to the Drakes, informing them at that time that he was through with the lease and was going to quit, also informing them that he had sold all of the equipment of said well to Charles W. Camp. In the meantime he had moved the boiler and some of the equipment to another lease. The Drakes thereupon agreed to accept said quitclaim and at his request accompanied him to Camp's office to accept delivery of the same. After said quitclaim was executed Camp offered to lease the said lot from the Drakes for the purpose of drilling for oil and finally, after some haggling over the percentage of royalty that was to be reserved by the Drakes, a royalty of ten per cent was agreed upon. Thereafter, on October 1, 1927, the Drakes executed a lease to Camp. Camp then proceeded with the work of trying to produce oil from said well, but without success, and on or about the 23d of January, 1928, he assigned the said lease to C. L. Anderson, who, as consideration therefor, paid to Camp $15,000. Anderson thereupon took over the operation of said well and finally brought it into production about July 1, 1928, at an expense of about $200,000. In May, 1927, plaintiffs purchased, in the matter of the bankruptcy of Ed. R. Herwick, the portion of oil and gas reserved by the Herwicks in their lease to Leeper and others, this portion having been reduced to eight per cent in July, 1927. The trial court found that neither Camp nor Anderson had

any knowledge of the claim of appellants to any oil in said premises until about April 17, 1928.

 Appellants rely for reversal mainly upon the point that the overriding royalty reserved by the Herwicks, and of which appellants claim to be the owners by virtue of the bankruptcy proceedings, is an interest in land, and that Camp and Anderson therefore had constructive notice of same, and that the purported assignment of the Herwicks, in which a certain percentage of the oil was reserved, was, in fact, a sublease; that therefore both Camp and Anderson took with notice of their claim. The rule adopted and followed in this state is against this contention of appellants. (*Brookshire Oil Co.* v. *Casmalia etc. Co.*, 156 Cal. 211 [103 Pac. 927] ; *Black* v. *Solano Co.*, 114 Cal. App. 170 [299 Pac. 843] ; *Western Oil & Refining Co.* v. *Venago Oil Corp.*, 218 Cal. 733 [24 Pac. (2d) 971, 88 A. L. R. 1271].) All of these cases hold that an overriding royalty is not an interest in land. In *Brookshire Oil Co.* v. *Casmalia etc. Co., supra,* in speaking of an oil lease the following language was quoted with approval: ''This instrument does not vest in the so-called lessees any present title in the land. It grants only the right to do certain things thereon and to take certain mineral substances therefrom, and no title to such substances passes from the original owner until the same is severed from the realty. . . . 'The title is inchoate and for purposes of exploration only, until oil is found. If it is not found, no estate vests in the lessee, and his title, whatever it is, ends when the unsuccessful search is abandoned. If oil is found, then the right to produce becomes a vested right, and the lessee will be protected in exercising it in accordance with the terms and conditions of his contract.' [Citing authorities.]''

The claim of appellants is based upon an overriding royalty for eight per cent of any oil or gas that may be thereafter produced from the premises under the lease from the Drakes to the Herwicks. Appellants, in acquiring the interest of the Herwicks of the eight per cent overriding royalty under said lease, did not thereby acquire any interest in the said leasehold, or any rights to the oil and gas in place, but only eight per cent of the oil and gas produced

and saved. (*Western Oil & Refining Co.* v. *Venago Oil Corp., supra.*)

The court found that for more than three months prior to September 29, 1927, the said Leeper had been negotiating with the said Camp and with other persons for the sale to Camp of the second-hand and used piping, machinery and material situate upon the said leasehold; that on the 29th of September, 1927, he reached an agreement with Camp and sold to him all of the said machinery and material on said leasehold; that prior to this said Leeper intended to quitclaim all of his interest in said leasehold to the said Drakes, and on the twenty-ninth day of September, 1927, did quitclaim all of his interest in said lease to the Drakes; that thereafter on October 1, 1927, the Drakes executed to Camp a lease upon said premises for the purpose of prospecting same for oil and other hydocarbon substances.

It appears that the only oil produced on said premises after March, 1927, was that produced by Anderson under his lease from Camp. We are of the opinion that Leeper surrendered to the Drakes and abandoned the original lease from them to Herwick, and that therefore appellants have no right to an overriding royalty in the oil produced under the lease executed by the Drakes to Camp and by him assigned to Anderson.

There is no evidence supporting the contention of appellants that any fraud was perpetrated by the Drakes or Leeper or Camp in the cancellation of the lease of 1922 and the giving of the new lease to Camp by the Drakes, and this was so found by the court. The surrender of the said lease of 1922 to the Drakes by Leeper, and his abandonment thereof, is fully substantiated by the evidence, as is the acceptance of such surrender by the Drakes. In *Hall* v. *Augur*, 82 Cal. App. 594 [256 Pac. 232], it was held that an abandonment may be more readily found in cases of oil and gas leases than in most other cases.

Appellants contend that their overriding royalty was not terminated by the surrender or abandonment by Leeper of the lease from the Drakes to Herwick and which they held as successors of the Herwicks. The reservation by the Herwicks of a royalty in the oil produced under said lease

did not confer upon the Herwicks or their successors the right to go upon the leased premises and drill for oil, but gave them only an interest in such oil, produced under said lease, after it had been reduced to possession.

The foregoing authorities are against appellants' contention. The judgment is affirmed.

A petition by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on December 26, 1933.