[Civ. No. 16016.  First Dist., Div. One.  Sept. 28, 1954.]

LENA JOHNSON et al., Respondents, v. WILLIAM KLEIN et al., Defendants; CHRISTIAN SORENSON, Appellant.

Fabian D. Brown and Francis J. Solven for Appellant.

Conradi & Dreyfus and Frederick L. Hewitt for Respondents.

BRAY, J.—Defendant Sorenson alone appeals from a judgment in favor of plaintiffs.

### QUESTIONS PRESENTED

As nearly as we can determine from defendant's briefs (he has completely disregarded Rules on Appeal 13 and 15(a)) defendant's contentions are : (1) Insufficiency of the evidence. (2) The findings and judgment contradict themselves. (3) The judge was querulous and arrived at conclusions adverse to defendants before hearing their evidence. No specifications are given, references made to the transcript, nor specific instances cited. For that reason, ordinarily we would disregard this contention. However, we have diligently studied the transcript and fail to find the slightest support whatever for this contention. The judge appeared to be eminently fair throughout and his decisions of all issues are not only supported, but required, by the evidence. ■ (4) The court did not order an accounting. Defendant at no time in the trial court asked for one. (See *Campbell* v. *Birch*, 19 Cal.2d 778, 794 [122 P.2d 902].) Moreover, none is required. Plaintiffs' recovery is on agreements, not on open account.

### RECORD

The first count of the amended complaint was against defendant Klein alone for $4,000 for moneys had and received. The second count was against defendants Sorenson and Clifford for violation of an agreement to sell plaintiffs a certain business and for damages in the sum of $5,550 (this included $4,000 alleged to have been deposited with defendant Klein as escrow agent under said agreement). The third count was for specific performance of said agreement. The fourth count was against defendants Sorenson and Clifford for $5,550, the agreed consideration for a certain assignment executed by

plaintiffs to defendant Sorenson. The prayer was for $4,000 against defendant Klein, and $5,550 against the other defendants. Clifford was not served and did not appear. The court gave plaintiffs judgment against defendants Klein and Sorenson jointly for $4,000 plus interest and against defendant Sorenson for an additional sum of $1,550 and interest.

1. *Sufficiency of the Evidence.*

The action grew out of a purported sale of a half interest in a bar business in San Francisco. The bar originally belonged to Mrs. Clifford's husband. On his death she was operating it as administratrix of his estate. Apparently she claimed personal ownership of a half interest in it because of community rights and desired to dispose of the estate's half. Although defendant Sorenson appeared to have no interest in the bar, he represented to plaintiff John that he owned it and offered to sell a half interest in it to plaintiff John. Mrs. Clifford joined in representing to plaintiffs that Sorenson owned the interest he was attempting to sell. Plaintiff John did not have the $4,000 which Sorenson required as a down payment. His mother, plaintiff Lena, put up the money. Sorenson, Mrs. Clifford and plaintiffs met in defendant Klein's office. He is an attorney. The terms of the sale were discussed and agreed upon. Plaintiff Lena had a cashier's check for $4,000 present which she gave to defendant Klein upon his giving plaintiffs an "Escrow Receipt" dated November 22, 1949. This reads: "Received from Lena Johnson for John Johnson" a check for $4,000 "as a deposit on the purchase of that certain business" describing it, "now being conducted by Maloa Clifford as administratrix of the estate of Wick Clifford, deceased, upon the following terms and conditions:

"1. The offer for the purchase of said business is to be the sum of $10,000.00, said business to be free of all liens and indebtedness of every kind and nature, except . . . [this exception is not important here] and is to include the transfer of the on-sale general liquor license . . ." Upon acceptance of the offer the usual notices of intended sale are to be given. The buyer agrees to employ one Roberts as the manager of the business at a specified salary with specified powers. All funds of the business are to be banked in the joint names of plaintiff John and Roberts and withdrawn only by checks signed by both. "The escrow is to be created in the office of William Klein, who will attend to the details of the recording, publishing and transfer of the on-sale liquor license." It will

be noted that no mention is made in this document of who the seller was. Moreover, it was understood that plaintiff John was only buying a half interest, although the receipt would indicate the whole business was involved.

The next day plaintiff John was given the keys to the bar premises by defendant Klein and started to operate the bar under Roberts' management. Immediately he was met with prior pressing obligations incurred by the business: back salary of bartenders whose payment checks issued to them by Sorenson had "bounced"; bill for an ice machine which its seller threatened to remove if not paid for; back beer bills which must be paid or no more beer delivered; and back taxes. Plaintiffs could not locate Sorenson, who had gone to Eureka. They contacted defendant Klein who told them to pay the bills. (He denies this, but the court apparently believed plaintiffs.) The total of these prior bills paid by plaintiffs was $1,550. Plaintiffs continued in possession and continued to run the business until May 31, 1950. No interest in the liquor license was ever transferred nor was the sale to plaintiffs consummated. On or about May 31, 1950, defendant Klein drew up an assignment which plaintiff John signed. This stated that "For good and valuable consideration" plaintiff John assigned to defendant Sorenson all his interest in the half interest of the business including his right to the license. Klein stated that the consideration to plaintiff John for this assignment was the $4,000 which plaintiffs had placed in escrow with Klein and which Klein claimed he then still held. The court seemed quite unable to understand how plaintiff John's money could be consideration for his assigning his interest in the business to Sorenson, but Klein was quite insistent that it was. We confess that we, too, are somewhat confused by this contention. Plaintiffs testified and there is other evidence supporting them, that Sorenson and Klein both agreed that for the assignment plaintiffs were to get back their $4,000 and that Sorenson would repay them the $1,550 which plaintiffs had paid out on the prior indebtedness of the business. Klein and Sorenson deny this, both claiming that plaintiffs agreed to look to Mrs. Clifford for repayment of the whole $5,550. (Again we have a conflict in the evidence of plaintiffs and that of defendants which the court resolved in favor of plaintiffs.) After this assignment was made, instead of returning the $4,000 to plaintiffs, defendant Klein used it to pay debts of the business. As to Sorenson's denial that he agreed to repay plaintiffs the $5,550, four witnesses other than plaintiffs

testified that Sorenson admitted being indebted to plaintiffs. A Mrs. Harper testified that in her presence Sorenson told plaintiff Lena over the phone "I'll have your money for you soon." When the court asked Sorenson if he so stated, Sorenson stated "Not that I recall" and then "I could have said it. Maybe I did." The evidence clearly supports the findings of the court that defendant Klein (who incidentally does not appeal) was to hold the $4,000 until the terms of the agreement of sale were performed; that they were not performed and that plaintiffs were entitled to a return of that $4,000; that plaintiffs paid out the $1,550 for the benefit of Sorenson and that the latter agreed to repay plaintiffs the entire sum of $5,550.

2. *Findings and Judgment Consistent.*

■ There is no inconsistency in the findings or the judgment. Defendant Klein is liable for a breach of his trust, based on the escrow agreement. Sorenson is liable for breach of the agreement under which he received the assignment. Plaintiffs have the right to rely on the escrow agreement which both Klein and Sorenson breached and in addition on the agreement made by Sorenson at the time of the assignment. Sorenson's agreement to take back the business and to restore to plaintiffs their investment in it does not relieve the escrow holder of his responsibilities under the trust. If it did, Sorenson has no right to complain as he is liable under that agreement for not restoring the purchase price when he failed to complete the sale and is also liable under his agreement to pay for the assignment. Defendant Sorenson cites many cases on the law of contradictory findings. We see no reason to discuss them as in none of them was there a situation comparable to that here, and moreover, there is nothing contradictory in either the findings or the judgment in this case.

The judgment is affirmed.

Peters, P. J., and Wood (Fred B.), J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied November 24, 1954.