### THOMAS v. WHYTE.

1. APPEAL AND ERROR—CHANCERY CASES—EVIDENCE.
   The Court of Appeals must examine all of the evidence presented in the trial court when reviewing a chancery case.

2. MINES AND MINERALS—OIL AND GAS LEASES—OVERRIDING ROYALTY—EXTENSIONS.
   Judgment for defendants in action brought by plaintiff claiming an interest in extensions of 5-year oil and gas leases he had assisted in procuring is not disturbed, where Court of Appeals is not convinced it would have reached a different result than the trial court which had held that, aside from the statute of frauds or the parol evidence rule, plaintiff had failed to meet his burden of proof that one of the defendants had agreed to give plaintiff a prior reasonable notice of any decision to discontinue, discharge, abandon, or surrender the lease, and agreed to continue plaintiff's overriding interest in renewals or extensions, or that defendants had conspired to defraud plaintiff (CL 1948, § 566.106).

Appeal from St. Clair; Kane (Edward T.), J. Submitted Division 2 February 8, 1966, at Lansing. (Docket No. 426.)    Decided December 8, 1966.

Bill of complaint by James E. Thomas against Wilfred P. Whyte, Raymond M. Whyte and Basin Oil Company, a Michigan corporation, to determine

---

REFERENCES FOR POINTS IN HEADNOTES

[1]  5 Am Jur 2d, Appeal and Error § 839 *et seq.*
[2]  24 Am Jur, Gas and Oil § 70 *et seq.*

rights in oil leases and for other relief. Bill dismissed. Plaintiff appeals. Affirmed.

*Wendell C. Flynn,* for plaintiff.

*Hogan & Kostoff* (*Berry, Moorman & King,* of counsel), for defendants.

T. G. KAVANAGH, J. On January 26, 1962, plaintiff brought suit against defendants in the circuit court for the county of St. Clair seeking, among other things, a determination by the court that he was entitled to an overriding royalty interest in certain producing oil and gas wells situate in St. Clair county. The defendants had working interests in these wells.

At trial, it appeared that the plaintiff, pursuant to an agreement he had with defendant Wilfred Whyte, obtained certain oil and gas leases (under an execution date of September 28, 1953) in the name of Wilfred Whyte, as lessee.

For this service, Wilfred Whyte, on October 7, 1953, and after delivery to him by plaintiff of the leases, conveyed to plaintiff an overriding royalty interest in these leases by signing 2 grants prepared and submitted to him by plaintiff. The leases obtained for Wilfred Whyte by plaintiff were dated on various days of September, 1952, for a primary term of 5 years.

The grants by their terms gave plaintiff a "1/16 free riding override in any and all oil and gas explorations" on various lands in St. Clair county and a "1/32 free riding override in any and all oil and gas explorations" on another parcel of land in the same county.

Shortly after he obtained these leases, Wilfred Whyte effected an arrangement with the other de-

fendants whereby defendant Basin Oil Company became the owner of a 1/2 interest in these leases and the remaining 1/2 interest was shared equally by defendants Wilfred Whyte and Raymond Whyte.

In July, 1957, the defendant Basin Oil Company obtained new leases on these lands to take effect at the expiration of the leases obtained by plaintiff, and Ray Whyte and W. P. Whyte each received a 1/4 interest in these new leases. In October, 1960, the defendants succeeded in finding production on these lands.

At trial, plaintiff testified that the defendant Wilfred Whyte, in a conversation between them held prior to the obtaining by plaintiff of the leases for Wilfred Whyte, promised plaintiff that he would give him prior notice of any decision to discontinue, discharge, abandon or surrender the leases, and that at plaintiff's request he would assign the leases to him. Plaintiff further testified that Wilfred Whyte promised to continue his overriding royalty interest in any new leases or extension of the existing leases obtained by defendant or anyone connected with him.

The trial court found that the plaintiff had failed to prove that the defendants had conspired to defraud him and further that the grants given to plaintiff by defendant Wilfred Whyte embodied the entire agreement between them and gave judgment for the defendants.

The court's opinion noted that the written instruments could not be altered by parol evidence, and that since an override is an interest in land there must be compliance with the statute of frauds.*

The trial court's observation forms the basis of the appeal wherein it is urged that the court erred in ruling that parol evidence was inadmissible to estab-

---

* CL 1948, § 566.106 (Stat Ann 1953 Rev § 26.906).

lish the undertaking the plaintiff alleged. Appellant misconceives the court's ruling.

The court admitted all the evidence the plaintiff offered for the purpose of determining whether there was fraud, conspiracy, or an unstated term in the agreement.

From the conflicting evidence on that point, the court concluded that no fraud or conspiracy was proved and that the overrides as granted were all that was agreed to be given.

The explanation of the court's ruling is summed up in paragraph 8 of his statement of reasons for denying the plaintiff's motion for order to vacate judgment and grant new trial, which reads:

"Aside from either the statute of frauds or the parol evidence rule, it is the opinion of this court that the overriding royalty grants express the entire agreement made between the parties in respect to such override, and that plaintiff failed to meet the burden required to prove that the defendant Wilfred P. Whyte ever agreed:

" 'To give plaintiff a prior reasonable notice of any decision to discontinue, discharge, abandon or surrender any oil and gas leases, leased by plaintiff for defendant, Wilfred P. Whyte, and at plaintiff's request assign the oil and gas lease to be so discontinued, discharged, abandoned and/or surrendered to plaintiff or his assignee or nominee so as plaintiff could continue, protect, and maintain his interest in said oil and gas lease or leases.

" 'To continue plaintiff's overriding royalty interest in any of the lands so leased for oil and gas by plaintiff for defendant, Wilfred P. Whyte, in any new leases, renewal leases or extension of existing leases by and between the defendant, Wilfred P. Whyte, his partners, associates, joint adventurers, agents, employees, servants, heirs and assigns as lessee or lessees and the lessors of said lands, their

heirs, personal representatives, administrators, executors, successors and assigns,' or to prove that the defendants had conspired between themselves in the manner and armed with the knowledge alleged in the bill, in order to defraud plaintiff of an overriding royalty interest in the new BASIN LEASES on the Schulz and Smith lands, or his overriding royalty interest in the other WHYTE LEASES whereon no new leases were taken and discharged by defendant WILFRED P. WHYTE at or about the time these WHYTE LEASES came to an end."

We have examined all the evidence presented below, as we must in a chancery appeal, and while we are not bound by the trial court's findings, we are not convinced we would have reached a different result. See *Paul* v. *Paul* (1960), 362 Mich 43.

We find no reversible error. Affirmed, costs to appellee.

LESINSKI, C. J., and QUINN, J., concurred.