William J. DE MIK, Plaintiff in Error,

v.

O. A. CARGILL et al., Defend-
ants in Error.

No. 42797.

Supreme Court of Oklahoma.

May 11, 1971.

Bishop & Wantland, Seminole, for plaintiff in error.

Marvin Shilling, Ardmore, Mickey James, Oklahoma City, James A. Clark, Ardmore, for H. R. Shine and W. P. Burch.

Johns, Howell & Webber, by Charles Hills Johns, Midwest City, for O. A. Cargill and O. A. Cargill, Jr., defendants in error.

BERRY, Chief Justice:

The sole question presented concerns propriety of the trial court's action sustain-

ing defendants' demurrer to plaintiff's petition, which sought partition of defendants' overriding royalty interest in an oil and gas leasehold. The precise question appears to be of first impression. Summarized hereafter is the substance of pleadings pertinent to the issue. Neither surface owners nor royalty owners were parties to this action.

Plaintiff alleged ownership of the working interest, plus additional overriding royalty interest, underlying two described quarter sections in Oklahoma County, and defendants' ownership of undivided overriding royalty interest in the producing leasehold. Several other defendants also owned overriding royalty interests created by defendants Cargill while owners of entire lease. Because plaintiff and defendants were cotenants, plaintiff was entitled to partition the producing leasehold estate as a matter of right, which could not be partitioned in kind because of production. The amended petition alternatively asked relief in equity for partition upon the ground defendants' overriding royalty interest overburdened the working interest to the extent further production, development, or sale of the premises no longer was economically feasible.

The trial court sustained defendants' demurrer and dismissed the action as to defendants' overriding royalty interests, but allowed plaintiff to proceed with partition of the working interest.

Two propositions are presented on appeal. Plaintiff first contends an overriding royalty interest is subject to partition as a matter of right, under 12 O.S.1961 § 1501:

"When the object of the action is to effect a partition of real property, the petition must describe the property and the respective interests of the owners thereof, if known."

■ Summarized, plaintiff advances the following argument in support of this claim. An oil and gas lease is subject to partition under authority of Sweeney v. Bay State Oil & Gas Co., 192 Okl. 28, 133 P.2d 538. Owners of undivided interests in the working interest in an oil and gas lease are tenants in common. Britton v. Green et al., (10th Cir.) 325 F.2d 377. Although severed from realty, oil and gas rights may be partitioned. Wolfe v. Stanford, 179 Okl. 27, 64 P.2d 335. An overriding royalty interest generally is held to be an interest in real property and may be impressed with statutory materialmen's liens. McInnes v. Robinson, Okl., 341 P.2d 577; Meeker v. Ambassador Oil, (10th Cir.) 308 F.2d 875. Based upon this decisional law plaintiff asserts overriding royalty is real property in this state, owners of such interests being tenants in common with owners of the working interest, hence the overriding royalty is subject to partition as a matter of right. We find no fault with the rules expressed in the cited cases as determinative of the issues considered in each case. We disagree, however, that overriding royalty is real estate and subject to partition as a matter of right, being of the opinion these cited cases cannot be construed as supporting the conclusion stated.

■ Disposition of this appeal requires determination whether allegations of the petition are sufficient to show existence of a right to partition. In substance, defendants' answer asserts they are not tenants in common, cotenants, or coparceners, have neither joint ownership nor right of possession and, therefore, have no interest which can be subjected to partition. In this connection, this Court consistently has declared partition of real property can be allowed only when held in cotenancy. In Prusa v. Cermak, Okl., 414 P.2d 297, this rule is stated:

"Partition of real property may be had only when it is held in cotenancy, either as tenants in common, joint tenants or coparceners."

■ The record does not disclose the instrument by which the involved overriding interests were created. Apparently the parties have no disagreement as to definition of such interest, but disagree only as to the nature thereof as concerns the issue

relating to right of partition. The term has become so commonplace as scarcely to require restatement. "Overriding royalty", as generally understood and accepted within the industry, is a percentage carved out of the lessee's working interest, free and clear of any expense incident to production and sale of oil and gas produced from the leasehold. Thornburg v. Cole, 201 Okl. 609, 207 P.2d 1096; Cities Service Oil Co. v. Geolograph Co., 208 Okl. 179, 254 P.2d 775. Manual of Oil and Gas Terms (Williams & Meyers) at p. 173.

At the outset, we observe some difficulty is engendered as a result of undefinitive language, inappropriately used in many prior decisions. Decided cases are too numerous to cite and compare. Examination of many of these cases reveals imprecise use of words when speaking of ownership in property. Often the intention is to refer to an interest in real property, but the words "estate in real property" are inaptly used. The instant situation may have such foundation, in view of plaintiff's argument an overriding royalty interest constitutes an estate in cotenancy sufficient to support partition.

Historically, partition of land came into being when persons owning land as co-parceners were involved in an unpleasant situation. The law developed procedures by which difficulty was resolved simply by dividing the land into separate tracts. Powell on Real Property, V. 4 § 609. Eventually the right of partition was extended by statute, but the jurisdiction conferred upon courts allowed partition only in instances where land was held in cotenancy. In Pomeroy's Equity Jurisprudence (4th Ed.) V. 5 § 2126, dealing with partition, that text states:

"Following the analogies of the law, equity will grant partition only of property held in co-tenancy and in which the parties have a community of interest, either as co-tenants, tenants in common, or co-parceners; and this rule has not been materially affected by the statutory remedy of partition provided in all the states. Several persons may be owners of the same property without being co-tenants, and the severance of their interests may be desirable or even essential to the enjoyment of such property, but this constitutes no ground for equitable interference by way of partition. If the requisite of co-tenancy be present, all kinds of property are subject in equity to partition, whether it be corporeal or incorporeal, real or personal, and whether it be held by legal or equitable title."

■ First National Bank v. Dunlap, 122 Okl. 288, 254 P. 729, involved whether a judgment creditor's lien would attach to a judgment debtor's interest in a producing oil and gas lease. The contention was that the term "real property" included every interest, estate and right in land, tenements and hereditaments. In affirming a judgment quashing execution levied against the oil and gas interest, this Court stated no statute provides every *estate* in real property shall be considered *real property*. Thus, in the character of property created by an oil and gas lease, there is a recognizable distinction between *real estate* and *an estate in real property*. Not every kind of estate recognized in law as an interest in real property is real estate. Although an oil and gas lease creates an *interest* or *estate* in realty, such interest is not per se real estate. In Pauline Oil & Gas Co. v. Fischer, 185 Okl. 108, 90 P.2d 411, syllabus 2 states:

"While an oil and gas lease which 'grants, leases, and lets' certain land for oil and gas mining purposes, conveys to the lessee an estate in the realty described therein, such interest is not real estate within the meaning of section 690, C.O.S.1921, 12 Okl.St.Ann. § 706, which gives a judgment creditor a lien upon the 'real estate' belonging to the judgment debtor."

In Tiffany, The Law of Real Property (3rd ed.) V. 2 § 475, dealing with who may demand partition, although recognizing this

right depends upon construction and effect of particular statutes, the text states:

"＊ ＊ ＊ Ordinarily, one seeking partition must have an estate in possession, entitling him to enjoy the present rents or possession of the property as a cotenant thereof, and must be the owner of a vested undivided interest in the premises jointly, as a tenant in common, or in co-parcenary with those against whom he seeks partition. ＊ ＊ ＊"

Recognition of the text rule appears in North v. Coffey, 200 Okl. 44, 191 P.2d 220, and Prusa v. Cermak, supra.

 A tenancy in common has been defined as a joint interest in which there is unity of possession, but separate and distinct titles. The relationship exists where property is held by several distinct titles by unity of possession, and is not an estate but a relation between persons, the only essential being a possessory right, as to which all are entitled to equal use and possession. Thompson On Real Property (Perm.Ed.) V. 4 § 1793; Taylor v. Brindley (10th Cir.) 164 F.2d 235; American Bank & Trust Co. v. Continental Inv. Corp., 202 Okl. 341, 213 P.2d 861, 863.

 Our inquiry then is narrowed to determination of the nature of the interest acquired in a leasehold by an owner of overriding royalty, whose percentage interest is carved out of the lessee's working interest. The right, or interest, acquired in a lessor's land by lessee, has been denominated a qualified right to enter upon the premises:

"＊ ＊ ＊ to erect structures on the surface of their land, and explore therefor by drilling wells through the underlying strata, and to take therefrom and reduce to possession, and thus acquire absolute title as personal property to such as might be found and obtained thereby. ＊ ＊ ＊ The right so granted or reserved, and held separate and apart from the possession of the land itself, is an incorporeal hereditament; or more specifically, as designated in the ancient French, a profit à prendre, analogous to a profit to hunt and fish on the land of another. ＊ ＊ ＊" Rich v. Doneghey, 71 Okl. 204, 177 P. 86, 3 A.L.R. 352.

 Owners of undivided interests in oil and gas in and under real estate are tenants in common. Earp v. Mid-Continent Pet. Corp., 167 Okl. 86, 27 P.2d 855, 91 A.L.R. 188. Grant of a lease is conveyance of an interest in realty sufficient to establish cotenancy with the lessor. This interest may be terminated, and the cotenancy destroyed, upon a lessee's failure to enter and drill. However, a lessee acquires no title to oil and gas until reduced to possession. But, when reduced to possession oil and gas become personalty. Replogle v. Indian Territory Illuminating Oil Co., 193 Okl. 361, 143 P.2d 1002.

 The nature of overriding royalty is such that only when oil and gas are reduced to possession does the interest attach. Prior to this event an owner of an overriding interest has no assertable right in the leasehold. Thus, overriding royalty may be lost entirely by expiration of the primary lease since, absent fraud or breach of fiduciary relationship, the interest does not continue and attach to a subsequent lease secured, in good faith, by the lessee. Thomas v. Whyte, 5 Mich.App. 281, 146 N.W.2d 721; K & E Drilling Co. v. Warren, 185 Kan. 29, 340 P.2d 919. Neither does an overriding royalty survive cancellation, surrender, abandonment resulting from diminution of production beyond economic feasibility, nor total failure to secure production in paying quantities. See Summers, Law of Oil and Gas (Perm.Ed.) § 554; Smith v. Drake, 134 Cal.App. 700, 26 P.2d 313; La Laguna Ranch Co. v. Dodge, 18 Cal.2d 132, 114 P.2d 351, 135 A.L.R. 546. Thus the coming into being of an overriding royalty owner's rights are dependent upon happening of a future event or condition.

 The foregoing is of value in defining the nature of interest acquired by owner of overriding royalty, by showing the limited, conditional status of that interest. No authorities cited by plaintiff sup-

port the claimed right to partition. Neither do we find cases which allow partition of real proeprty where the plaintiff's interest is not coupled with some right of possession. In Choteau v. Choteau, 49 Okl. 105, 152 P. 373, syllabus 1 states:

"A joint tenant out of possession cannot maintain a suit for partition against his cotenant, who holds adversely to him, without joining with the demand for partition a cause of action for possession of the land."

Since that time we have recognized that possession is a prerequisite of the right of partition. Plaintiff relies upon Meeker v. Ambassador Oil Co. (10th Cir.) 308 F.2d 875, and Britton v. Green (10th Cir.) 325 F. 2d 377, to support the claim of cotenancy. These decisions do not support plaintiff's argument. In Meeker, that court declared an overriding royalty interest did not create tenancy in common with the lessee, for the reason an overriding interest has neither corporeal nor possessory interest in land which could be subject of an action in ejectment. Likewise, an Oklahoma lessee holds no estate which can be subjected to ejectment. Kolachny v. Galbreath, 26 Okl. 772, 110 P. 902, 38 L.R.A.,N.S., 451.

In Britton the controversy involved parties who owned undivided shares in the working interest, some of which were subject to overriding royalty interests. The opinion declared all fractional interest holders cotenants in the leasehold estate. However, in the body of the opinion there is separate reference to undivided shares in the working interest which were subject to overriding interests. Despite the broad reference to cotenancy of all fractional interest holders, we cannot construe the language used as intended to indicate overriding interests were included in the declared cotenancy. Our conclusion as to meaning of the language in this respect results, in part, from consideration of the special concurring opinion. There is cited (325 F.2d p. 387) Skelly Oil Co. v. Wickham (10th Cir.) 202 F.2d 442, as authority for the rule of cotenancy between owners of undi-

vided portions of the working interest in a leasehold. Examination of Wickham discloses the controversy involved working interest only, without adjudication as to overriding interest. Thus we necessarily conclude the language used neither was intended, nor is to be construed, holding that an overriding royalty interest creates a cotenancy in the leasehold.

Summers, Law of Oil and Gas (Perm. Ed. V. 3 § 537, states:

"* * * an overriding royalty or oil payment created out of the lessee's working interest, is usually not held to be a partitionable interest because the owner thereof is not entitled to possession and is not a tenant in common with the owners of the mineral fee or of the leasehold. * * *"

Also see Kuntz, Oil and Gas, V. 1, at p. 153.

This text quotation is supported by footnote citation of Belgam Oil Co. v. Wirt Franklin Pet. Corp. (Tex.Civ.App.) 209 S. W.2d 376, and Hardin v. Eubank (Tex. Civ.App.) 245 S.W.2d 554. In Belgam partition was sought between tenants in common of a lease. That court held overriding royalties created out of a lessee's working interest had no possessory interest in oil and gas in place and were not tenants in common in the lease. In Hardin partition of both surface and minerals was held valid against an owner of royalty in an undivided one-fifth of the land.

Partition proceedings in Texas are brought under Vernon's Ann.Civ.Stat., Art. 6082, which allows partition of any interest in real estate, mineral, coal, or gas lands by any judgment owner or claimant. The latitude extended partition actions under this statute far surpasses the "partition of real property" specified in our own statute. We do not deem either cited case definitive of the issue in this appeal because of difference in the statutes. It may be noted, however, that necessary requisites for partition of any estate are joint ownership of the interest sought to be partitioned,

*and an equal right,* of the party seeking partition, to possession with other joint owners.

Our own decisions establish the essential element for decreeing existence of a tenancy in common, sufficient to support partition, is the right to possession. Under decisional law, and other persuasive authority, we hold defendants in error through their overriding royalty interests had no possessory rights in the leasehold and are not tenants in common. For this reason, we conclude the trial court correctly sustained defendants' demurrer for failure of the pleadings to show a right to partition of defendants' overriding interest.

Plaintiff also contends partition should be granted as a matter of equity. It is urged the overriding royalty, "one-fourth of eight-eighths working interest" places an undue burden upon the working interest and creates an intolerable economic condition which precludes further development. Cited in support of this argument are Harper v. Ford, Okl., 317 P.2d 210; Sweeney v. Bay State Oil and Gas Co., supra; Komarek v. Perrine, Okl., 382 P.2d 748, and Diehl v. Hieronymous, Okl., 426 P.2d 368. The cases cited are not controlling by reason of lack of a cotenancy relationship in the present case. So far as disclosed by pleadings the present contract was entered into fairly and willingly, no claim of fraud or bad faith having been asserted.

 Partition is an equitable proceeding, whether brought under the statute, supra, or in equity. In analyzing plaintiff's contention it appears plaintiff is urging that equity should grant relief in this contractual situation, regardless of whether the matter falls within the statute. We are cognizant that partition falls within jurisdiction of a court of equity even as to personal property. Julian v. Yeoman, 25 Okl. 448, 106 P. 956. Plaintiff presents no authority showing a court of equity will enlarge its jurisdiction to partition property, not subject to partition under the statute, because the contract is burdensome. Where a contract is valid and fairly en-

tered into plaintiff must abide by its terms, and cannot maintain an action for partition, or rely upon a court of equity to negotiate a new or better contract. McInteer v. Gillespie, 31 Okl. 644, 122 P. 184. Inequitable hardship and oppression are not elements which bestow jurisdiction upon a court of equity in a partition action. These issues are defensive issues to be pleaded and proved. Wolfe v. Stanford, supra. In Hassell v. Workman, Okl., 260 P.2d 1081, we recognized the absolute right to partition by cotenants with possessory rights, but denied partition sought solely because of equitable hardship and oppression.

For the reasons stated we conclude the overriding royalty interests lacked possessory rights in the leasehold and defendants were not tenants in common in an estate in real property. Not being tenant in common they were not proper parties, and the trial court correctly sustained the demurrer and dismissed the action as to defendants.

Judgment affirmed.

All Justices concur.